UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Shaquan Little-Bethea**                                    **Docket No. 5:24-CR-312-1D**

### Petition for Action on Supervised Release

COMES NOW Courtney L. Thomas, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Shaquan Little-Bethea, who, upon an earlier plea of guilty to Count 1-Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and Count 2-Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(A)(1) and 21 U.S.C. § 841(b)(1)(C), was sentenced by the Honorable Claire C. Cecchi, U.S. District Judge for the District of New Jersey, on June 6, 2023, to the custody of the Bureau of Prisons for a term of 37 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months. Shaquan Little-Bethea was released from custody on March 25, 2024, at which time the term of supervised release commenced in the District of New Jersey.

On September 18, 2024, supervision was transferred and accepted in the Eastern District of North Carolina.

On September 20, 2024, a memorandum of violation was submitted to the District of New Jersey after the defendant submitted a urine specimen that tested positive for marijuana. At that time, jurisdiction was requested from the District of New Jersey. On October 28, 2024, Transfer of Jurisdiction was accepted in the Eastern District of North Carolina, and the case was assigned to the Honorable Judge James C. Dever III, U.S. District Judge.

On October 28, 2024, a Violation Report was submitted to the court due to the defendant being charged with Assault by Strangulation, Assault on Female, Misdemeanor Crime of Domestic Violence, and Injury to Real Property (24CR 433967), in Cumberland County, North Carolina. On April 1, 2025, the charges were dismissed.

On November 25, 2024, a Violation Report was submitted to the court after the defendant submitted a urine sample that tested positive for marijuana. At that time, the defendant was continued on supervision to allow continued engagement in treatment.

On February 27, 2025, as a result of the defendant submitting a urine specimen that tested positive for marijuana, the court modified his conditions of supervision to include curfew for a period of 45 days.

On September 29, 2025, as a result of the defendant attempting to defraud a drug screen by utilizing a urinalysis-defeating device and submitting a urine specimen that tested positive for marijuana, the court modified his conditions of supervision to include the completion of 16 hours of community service.

On March 10, 2026, a Violation Report was submitted to the court notifying the court that the defendant failed to comply with his monetary obligations. The defendant was continued on supervision.

Shaquan Little-Bethea
Docket No. 5:24-CR-312-1D
Petition For Action
Page 2

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:

1. You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.
2. You must refrain from all gambling activities, legal or otherwise, to include the purchase or receipt of lottery tickets. You must register on the self-exclusion lists maintained by the New Jersey Casino Control Commission and Racetrack Commission within 60 days of the commencement of supervision and remain on these lists for the duration of supervision. The Probation Office shall supervise your compliance with this condition.
3. You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.
4. You must not enter any gambling establishment without the permission of the U.S. Probation Office and/or the Court.
5. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
6. You must not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You must comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office.
7. If you are Court-ordered to make child support payments or to make payments to support a person caring for a child, you must make the payments and comply with the other terms of the order.

Shaquan Little-Bethea
Docket No. 5:24-CR-312-1D
Petition For Action
Page 4


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On April 21, 2026, a criminal summons was issued for the defendant with a charge for Communicating Threats (26CR 287744), in Cumberland County, North Carolina. When confronted with the charge, the defendant denied any guilt. A witness to the alleged incident contacted this officer and corroborated the defendant's innocence. It is recommended that supervision be continued until adjudication in state court. If the defendant is convicted of this offense, the court will be notified, and an appropriate course of action will be recommended.

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.


/s/ Keith W. Lawrence
Keith W. Lawrence
Supervising U.S. Probation Officer

/s/ Courtney L. Thomas
Courtney L. Thomas
U.S. Probation Officer
150 Rowan Street Suite 110
Fayetteville, NC 28301
Phone: 910-354-2554
Executed On: May 8, 2026

## ORDER OF THE COURT

Considered and ordered this ___11___ day of ___May___, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge